UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Jaquise Beasley,<br><br>                Plaintiff,<br>v.<br><br>Conn Appliances, Inc.<br><br>                Defendant. | Civil Action No.:  4:20-cv-1723<br><br><br>**COMPLAINT**<br>JURY |

For this Complaint, Plaintiff, Jaquise Beasley, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant maintains its corporate headquarters and transacts business in this District, and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

3. Plaintiff, Jaquise Beasley ("Plaintiff"), is an adult individual residing in Decatur, Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Conn Appliances, Inc. ("Conn"), is a Texas business entity with an address of 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381-2008, and is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS**

5. Within the last four years, Conn started calling Plaintiff's cellular telephone, number 770-xxx-0505, in an attempt to collect a debt from a stranger by the name of "Consuela.

6. Upon information and belief, Conn placed the calls at issue from within Texas and/or coordinated the debt collection actions with respect to Plaintiff's daughter's account from within Texas.

7. At all times mentioned herein, Conn contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer").

8. When Plaintiff answered calls from Conn, she heard silence and had to wait on the line before she was connected to the next available representative.

9. On or around the second time that Conn called Plaintiff, Plaintiff spoke with a live representative and requested that all calls to her cease, and again requested that the calls cease on numerous subsequent occasions.

10. Nonetheless, Conn continued to place automated calls to Plaintiff's cellular telephone number.

**COUNT I**
**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq*.**

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

2

answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone system(s) have some earmarks of a Predictive Dialer.

15. When Plaintiff answered calls from Defendant, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

16. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff never provided her cellular telephone number to Defendant and never provided her consent to be contacted on her cellular telephone, and in fact instructed Defendant to stop all calls to her.

18. In the event Defendant at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked her consent by her demand to cease calls to his cellular telephone.

19. Without prior express consent, Defendant contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

20. Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised it had the wrong number and knowing there was no consent to continue the calls.

As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

23. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

25. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

29. The Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

30. The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

31. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

D. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

E. Attorneys' Fees and Costs pursuant to Tex. Fin. Code Ann. § 392.403(b);

F. Statutory damages of $100.00 for each violation pursuant to Tex. Fin. Code Ann. § 392.403(e)

G. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 18, 2020

        Respectfully submitted,

        By */s/ Jody B. Burton*

        Jody B. Burton, Esq., CT Bar # 422773
        LEMBERG LAW, L.L.C.
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        E-mail: jburton@lemberglaw.com
        Attorneys for Plaintiff